(Nos. 17394-17395.—Judgment affirmed.)

FREDERICK A. STRESENREUTER, Inc. *et al.* Plaintiffs in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(FRANCES CORDA, Defendant in Error.)

*Opinion filed June 16, 1926.*

WORKMEN'S COMPENSATION—*when injury arises out of and in course of joint employment.* Where a night watchman is employed and paid the same amount by two corporations to guard their properties and protect them from fire, an explosion resulting in the employee's death arises out of and in the course of the joint employment, where the circumstances of the accident indicate that the employee was at the time protecting a building in which the property of both employers was stored, and in such case the employers are jointly liable to pay compensation.

WRIT OF ERROR to the Superior Court of Cook county; the Hon. JOSEPH B. DAVID, Judge, presiding.

GEORGE A. SCHNEIDER, for plaintiff in error Frederick A. Stresenreuter, Inc., and GARRETT, MCKENNA & HARRIS, for plaintiff in error Frank S. Lewis, Inc.

JOHN E. CRAHEN, and JOSEPH J. SULLIVAN, for defendant in error.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

This writ of error is prosecuted by leave of court to review a judgment of the superior court of Cook county confirming an award of the Industrial Commission.

January 16, 1925, Frank Corda, while employed as a night watchman and fireman for plaintiffs in error, Frank S. Lewis, Inc., and Frederick A. Stresenreuter, Inc., was killed by an explosion which occurred in a building known as 2338 North Hoyne avenue, Chicago. North Hoyne avenue is intersected by Canton street. Frank S. Lewis, Inc.,

occupies the building known as 2342-2344 North Hoyne avenue, and conducts therein a plant for manufacturing varnishes, benzine, turpentine and other inflammable products. Frederick A. Stresenreuter, Inc., occupies the premises known as 2111-2113 Canton street, where it manufactures paints and varnishes. On the same lot were other buildings occupied by other tenants dealing in inflammable materials. At the rear of the premises occupied by plaintiffs in error is a paved court, where they store empty drums, barrels and other articles. There is evidence indicating that both these corporations had property stored in a portion of the building where the explosion occurred. Corda was employed by them as a night watchman and fireman and each of them paid him $15 a week. It was his duty to protect the property of his employers from fire. When his body was found it was lying on the floor of the building where the explosion occurred and a fire extinguisher was lying near his body.

The Industrial Commission was justified in reaching the conclusion that Corda lost his life while engaged in the performance of his duty toward both of his employers. If either of these corporations had employed Corda to protect its property from fire and he had gone into an adjoining building to extinguish a fire in order to prevent it from spreading to property of his employer we think there could be no question that he was then performing a duty within the line of his employment. The fact that he was discharging a duty to two employers at the same time by protecting the property of both from fire did not take him out of the employment of either. The facts in this record show that the death of Corda arose out of and in the course of an employment, which places the liability upon both of the employers because he was performing a duty for the common benefit of both. The commission properly entered an award holding plaintiffs in error jointly liable to pay the compensation due under the act.

The contention that the notice of the accident is void for the reason that it was not in writing is without merit. (*Heyworth* v. *Industrial Com.* 321 Ill. 298.) The officers of both employers were present when the body of Corda was removed from the damaged building and they had personal knowledge of the circumstances of Corda's death.

The judgment of the superior court is affirmed.

*Judgment affirmed.*