JAMES R. FLETCHER *et al.,* Plaintiffs-Appellants, *v.* FLOYD D. BOXX, Defendant-Appellee.

(No. 71-262; ▮▮▮)

Fifth District—April 2, 1973.

Meyer & Meyer, of Belleville, (George R. Ripplinger, Jr., of counsel,) for appellants.

Wagner, Conner, Ferguson, Bertrand & Baker, of Belleville, (John D. Bauman, of counsel,) for appellee.

Mr. JUSTICE JONES delivered the opinion of the court:

Plaintiffs appeal from a summary judgment rendered by the trial court upon defendant's motion supported by excerpts from discovery depositions of the parties. The action named four parties as defendants and summary judgment was granted as to all. The instant appeal is limited to defendant Boxx.

Section 57 of the Civil Practice Act (Ill. Rev. Stat., ch. 110, sec. 57) provides that summary judgment shall be entered forthwith if the pleadings, deposition, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment or decree as a matter of law.

■■ Summary judgment procedure is not designed to try an issue of fact but rather to determine whether one exists. If, upon examination of the record it can be fairly said that there does exist a triable issue of fact then the motion for summary judgment should be denied. *Ray v. City of Chicago*, 19 Ill.2d 593, 169 N.E.2d 73; *Peterson v. Jack Donelson Sales Co.*, 4 Ill.App.3d 792, 281 N.E.2d 753.

Plaintiffs' complaint was for personal injuries, property damage and loss of consortium and services. The alleged injuries and damages resulted from a collision between plaintiffs' automobile, driven by Patricia Fletcher, and an automobile belonging to one Coyer and being driven by defendant Boxx. The incident occurred on July 3, 1969 between 8:30 P.M. and 9:00 P.M. on Route 50 in St. Clair County. A short time previously there had been a heavy rainstorm but it had subsided to a sprinkle or drizzle at the time of the collision. Defendant was driving Mr. and Mrs. Coyer from their home in Sandoval to the St. Louis airport to meet their son who was flying in on leave from his Navy duty. Just west of Trenton their automobile stalled apparently because of excessive water on the highway. Defendant managed to get the car off on the shoulder and Mr. Coyer caught a ride with a passing motorist to a filling station two or three miles to the west. After about 15 minutes defendant tried the engine again and it started and ran alright. He and Mrs. Coyer then went to the filling station to look for Mr. Coyer. A service station attendant told them a person answering their description of Mr. Coyer had been there and had left to the east with the service truck. Boxx and Mrs. Coyer then drove back east on Route 50 to continue their search for Mr. Coyer. They stopped at a tavern opposite the site of the stall and upon learning that Mr. Coyer had not been there they started to return to the filling station to the west. It was during this westbound trip that the collision occurred. Before reaching the filling station they decided to stop at a motel located on the south side of the highway to see if

Mr. Coyer might be there and to call the Coyer son at the St. Louis airport to explain their delay.

According to the deposition of defendant Boxx he had to stop to let oncoming eastbound traffic go by. The pavement was two lane and the right shoulder was too muddy for a car to pass on that side. He turned on his left turn signal and waited. The signal had been on about 100 feet before he stopped. The pavement was wet and slick and it was sprinkling rain. There was no one behind him at the time. He claimed that he could see the front signal flashing in front of his car but could not tell if the rear signal was operating. He first saw the headlights of the plaintiffs' automobile in his rear view mirror after two cars and a truck had passed him. After seeing the headlights of the plaintiffs' automobile he noticed that his car had stalled and reached down to restart it. At that time all but the last eastbound vehicle had passed him. He had his foot on the brake while waiting for the passing traffic but did not have the brake on at the time of the collision. When he noticed that the car was stalled he put the car in neutral and took his foot off the brake. The turn signal on his car went off when the engine died and he gave no other signal. About a minute had transpired from the time he stopped to turn until the collision. At the point of the collision Highway 50 is straight and level for two miles east and two miles west. Neither defendant Boxx nor Mrs. Coyer were injured.

According to the deposition of the plaintiff Patricia Fletcher, she had just left a friend's house approximately one-half mile east of the collision site. She did not see any cars going either direction until immediately before the collision. All of a sudden she saw a car shadow, she wasn't sure whether her headlights, lightning or the the motel lights picked it up. The car was stopped on the highway in her lane opposite the entrance to a motel on the left. The car did not have any lights burning nor did she see anyone in the car. She pulled to the eastbound lane to pass the stalled car. She was driving about 35 miles per hour at the time and accelerated slightly in passing. Suddenly she saw headlights in the eastbound lane coming toward her. It was an automobile driven by one Green and it was near the west driveway of the motel when she first saw it. She didn't think she could make it past the stopped car so she pulled back into the westbound lane and applied her brakes. It was at that time that the collision occurred. She did not remember the collision itself. She was severely injured and her car completely demolished.

It appears to be undisputed that the collision took place in the dark of night, while rain was falling and that defendant's car was stalled on the roadway. The plaintiff claims there were no lights on the defendant's automobile but this is disputed by the defendant although defendant

did admit that his turn signal was not operating at the time of impact and immediately prior thereto.

In view of this state of the facts the trial court undoubtedly weighed and appraised the evidence to arrive at his decision to grant summary judgment to defendant Boxx. This he may not do. (*Ray v. City of Chicago.*) The evidence of the factors that contributed to the collision are clearly disputed in the depositions. Neither the negligence of the defendant nor the contributory negligence of the plaintiff Patrica Fletcher are clearly shown by the depositions and pleadings which the trial court had to consider. The conflicting versions of the causal factors of the collision can only be resolved by a trier of fact upon a trial on the merits.

The summary judgment against the plaintiffs is reversed and cause remanded for further proceedings.

Reversed and remanded.

G. MORAN, P. J., and CREBS, J., concur.