CALLIE FREEMAN, Plaintiff-Appellant, *v.* AUGUSTINE'S INC., Defendant-Appellee.

Fifth District   No. 75-549

Opinion filed March 2, 1977.

232

G. MORAN, J., dissenting.

Edward Neville, of East St. Louis, for appellant.

Allen D. Churchill, of Dunham, Boman, Leskera & Churchill, of Belleville, for appellee.

Mr. PRESIDING JUSTICE KARNS delivered the opinion of the court:

The plaintiff, Callie Freeman, appeals from summary judgment entered by the Circuit Court of St. Clair County in favor of defendant-appellee, Augustine's Inc. Plaintiff filed suit against defendant, owner of Augustine's Restaurant, for personal injuries suffered on the restaurant premises when her hand was caught in the rollers of a large commercial ironer. In granting defendant's motion for summary judgment, the circuit court held that plaintiff was limited to her remedy for workmen's compensation because she was defendant's "loaned employee" at the time of her injury.

■■ We note at the outset that plaintiff's attorney has failed to file an abstract or excerpts from the record as required by Supreme Court Rule 342. (Ill. Rev. Stat. 1975, ch. 110A, par. 342.) In *Shaw v. Kronst*, 9 Ill. App. 3d 807, 293 N.E.2d 153 (5th Dist. 1973), and more recently in *Ahlvers v. Terminal Railroad Association*, 31 Ill. App. 3d 166, 334 N.E.2d 329 (5th Dist. 1975), we discussed at length the importance of compliance with the rules of appellate procedure. In particular, we emphasized the necessity of supplying the court with a sufficient abstract or excerpts because each member of the panel under our rules cannot be in possession of the complete record on appeal, nor must the court search the record to find a reason to reverse the decision of the trial court. We do not believe it necessary to discuss this matter any further. Other courts have emphasized the necessity of compliance with Rule 342 and have approved the sanction of dismissal of appeal or summary affirmance for noncompliance. *Davis v. Davis*, 128 Ill. App. 2d 427, 262 N.E.2d 788 (1st Dist. 1970); *Denenberg v. Prudence Mutual Casualty Co.*, 120 Ill. App. 2d 68, 256 N.E.2d 71 (1st Dist. 1970).

■■■ Additionally, we would affirm the decision of the circuit court on the merits. The Workmen's Compensation Act represents a departure

from the common law with respect to the employer-employee relationship. Under the Act, an injury to an employee arising out of, and in the course of, employment creates liability on the part of the employer without any question of fault on the part of either the employer or the employee. (*Decatur Ry. & Light Co. v. Industrial Board*, 276 Ill. 472, 114 N.E. 915 (1916).) Workmen's compensation takes the place of damages, and employers within the Act are immune from liability under the common law. (Ill. Rev. Stat. 1975, ch. 48, par. 138.5(a).) More than one employer may be liable for the same injury under the Act and, therefore, immune from common law liability. Where the control of an employee is shared by two employers and both benefit from the work, the worker is considered to be an employee of both or a joint employee. (*American Stevedores Co. v. Industrial Com.*, 408 Ill. 445, 97 N.E.2d 329 (1951).) Joint employers are jointly and severally liable for benefits under the Workmen's Compensation Act. (*Page Engineering Co. v. Industrial Com.*, 322 Ill. 60, 152 N.E. 483 (1926).) The Act itself provides that when one employer loans an employee to another employer, the loaning and borrowing employers are jointly and severally liable for compensation if the loaned employee is injured in the course of his employment.[1] Ill. Rev. Stat. 1975, ch. 48, par. 138.1(a)(4).

The instant parties have approached this case as a problem involving the existence of a loaned employee relationship. We agree that plaintiff's relationship with the defendant resembles that of a loaned employee in some respects. Other aspects of the relationship, however, are inconsistent with a finding that plaintiff was a loaned employee, and more strongly suggest that plaintiff was the joint employee of both the defendant and Augustine's Motor Lodge. Whether characterized as a borrowing or joint employer, we are convinced that defendant was within the general definition of an employer under the Workmen's Compensation Act, that is, "Every person, firm [or] public or private corporation, * * * who has any person in service or under any contract for hire, express or implied, oral or written * * *." (Ill. Rev. Stat. 1975, ch. 48, par. 138.1(a)(2).) For that reason the circuit court correctly granted defendant's motion for summary judgment.

■■ ■ The primary test for determining the existence of a loaned employee relationship is whether or not the employee is wholly subject to the control and direction of the employer to whom he is loaned, and freed from the direction of the original employer. (*Raymond Concrete Pile Co. v. Industrial Com.*, 37 Ill. 2d 512, 229 N.E.2d 673 (1967); *American Stevedores Co. v. Industrial Com.*, 408 Ill. 449, 97 N.E.2d 325 (1951);

---

[1] The borrowing employer is primarily liable and the loaning employer is secondarily liable. Ill. Rev. Stat. 1975, ch. 48, par. 138.1(a)(4); *Chicago's Finest Workers Co. v. Industrial Com.*, 61 Ill. 2d 340, 335 N.E.2d 434 (1975).

*Fransen Construction Co. v. Industrial Com.*, 384 Ill. 616, 52 N.E.2d 241 (1943).) This test requires the consideration of factors such as the character of the supervision of the work done, the manner of direction of the servant, the right to discharge, the matter of hiring and the mode of payment. (*Merlo v. Public Service Co.*, 381 Ill. 300, 45 N.E.2d 665 (1942); *Becke v. Fred A. Smith Lumber Co.*, 9 Ill. App. 3d 563, 292 N.E.2d 572 (2d Dist. 1973).) In addition, the employee must at least have impliedly acquiesced in the new relationship before he can acquire the status of a loaned servant. Ill. Rev. Stat. 1975, ch. 48, par. 138.1(b)(2); *M & M Electric Co. v. Industrial Com.*, 57 Ill. 2d 113, 311 N.E.2d 161 (1974); *McHugh Brighton v. Industrial Com.*, 42 Ill. 2d 52, 245 N.E.2d 480 (1969); *Becke v. Fred A. Smith Lumber Co.*, 9 Ill. App. 3d 563, 292 N.E.2d 572 (2d Dist. 1973); *Emma v. Norris*, 130 Ill. App. 2d 653, 264 N.E.2d 573 (2d Dist. 1970).

In most of the cases finding the existence of a loaned employee relationship, the employee was assigned to perform special services for the borrowing employer. In *Fransen Construction Co. v. Industrial Com.*, 384 Ill. 616, 52 N.E.2d 241 (1943), the supreme court defined a loaned employee by saying:

"* * * an employee in the general employment of one person may, with his consent, be loaned to another for the performance of *special work* and become the employee of the person to whom he is loaned while performing such *special service*. [Citations.]" (384 Ill. 616, 624-25, 52 N.E.2d 241, 245.) (Emphasis added.)

We agree with the assumption, implicit in the foregoing definition, that the loaned employee relationship must generally be of a temporary nature. To speak of a "permanently loaned employee" is self-contradictory.

*Page Engineering Co. v. Industrial Com.*, 322 Ill. 60, 152 N.E. 483 (1926), provides a good illustration of the circumstances under which a person becomes a joint employee. In that case, the Chicago Crushed Stone Company (Chicago) and the Page Engineering Company (Page) were held jointly liable by the Industrial Commission for an amount of money awarded the plaintiff for injuries occurring in the course of his employment. Page appealed from the Commission's decision, arguing that plaintiff's injury did not occur in the course of his employment with Page, because he was injured on Chicago's property. The evidence indicated that plaintiff was hired by the two companies, whose properties were adjoining, as a night watchman. Plaintiff was paid $65 a month by each of the companies. The supreme court held that, under those circumstances, there was a joint hiring, that plaintiff was in the course of his joint employment when he was on the property of either of his employers, and that, therefore, Page and Chicago were jointly liable

under the Workmen's Compensation Act. (Accord, *Hudson v. Industrial Com.*, 387 Ill. 228, 56 N.E.2d 423 (1944); *Krawiec v. Industrial Com.*, 372 Ill. 560, 25 N.E.2d 27 (1940); *Stresenreuter, Inc. v. Industrial Com.*, 322 Ill. 187, 152 N.E. 548 (1926).) In all of the cases finding that plaintiff was a joint employee, both employers participated in hiring and paying the plaintiff, had the power to control his work, and benefitted from that work.

Plaintiff in the instant case was hired by Augustine's Motor Lodge in 1967 as a maid. Shortly after being hired, however, she was forced to leave work in order to undergo an operation. Upon her recovery and return to the motel, plaintiff's job classification was changed from maid to "miscellaneous" worker. Plaintiff accepted this reclassification because it would enable her to earn higher pay. Although plaintiff continued to receive her pay from Augustine's Motor Lodge, her sole duty from September of 1967 until her injury in 1969 was to work in a laundry room located in defendant's restaurant. Two other women, both defendant's employees, worked there along with plaintiff. In the laundry room, articles such as napkins, tablecloths and sheets, used by both defendant and the motor lodge, were regularly cleaned and pressed. Before plaintiff began working in the laundry room, her employer at the motel specifically instructed her to follow the directions of the restaurant managers. Plaintiff's practice from that time on was to report directly to the laundry room in the morning and to work there, under defendant's direction, all day. Nothing in the record indicates that she had any further contact with the motel management. The issue presented for review does not require us to recount, in detail, the chain of events which led to plaintiff's injury. It is sufficient to say that she was injured in the course of her regular duties in the laundry room.

■■ The foregoing facts indicate that plaintiff was under defendant's direction and control at the time of her injury, that plaintiff agreed to work under defendant's direction, and that defendant had the power to discharge plaintiff by barring her from the laundry room (see *Fransen Construction Co. v. Industrial Com.*, 384 Ill. 616, 627-28, 52 N.E.2d 241, 246 (1943)). These factors all indicate that plaintiff was a loaned employee. On the other hand, both the defendant and Augustine's Motor Lodge benefitted from plaintiff's work. The facts also indicate that plaintiff worked in the laundry room for approximately two years and would have continued indefinitely in that capacity were it not for her injury. Both of those factors might lead one to conclude that plaintiff was a joint employee. Plaintiff's position differs from that of a joint employee, however, because she was hired and paid only by Augustine's Motor Lodge and was under the direction and control of only the defendant. Nonetheless plaintiff was voluntarily and permanently employed in

defendant's establishment, subject to defendant's direction and control. We, therefore, conclude that defendant was plaintiff's "employer" under the Workmen's Compensation Act even though the relationship between plaintiff and defendant did not encompass all the characteristics of either joint or loaned employment. In other words, an implied employment contract existed between plaintiff and defendant.

Plaintiff further contends that unresolved fact questions exist which should preclude the granting of summary judgment. Plaintiff seems to rely primarily upon the following two issues: (1) whether the ironer involved in the case was owned by defendant or by Augustine's Motor Lodge, and (2) whether plaintiff was given any instructions by defendant's managers on the day of her injury. Plaintiff argues that the ironer was owned by defendant, and that this fact is relevant in determining whether or not defendant breached a duty to provide reasonably safe equipment. The existence or nonexistence of such a duty, however, is not involved on this appeal. The only issue presently under consideration is whether or not plaintiff was entitled to bring a common law action against the defendant. Ownership of the ironer is not relevant to that issue. The other questions of fact raised by plaintiff are also irrelevant. Where the only disputed issues of fact are not material to the essential elements of the cause of action or defense, the presence of such issues will not preclude the entry of summary judgment. *Schultz v. American National Bank & Trust Co.*, 40 Ill. App. 3d 800, 352 N.E.2d 310 (2d Dist. 1976).

■■ ■ After the granting of summary judgment, plaintiff filed a "Motion to Reconsider," attaching to it depositions and other exhibits. This evidence was, of course, not before the Circuit Court when it granted summary judgment and does not add much more than some conclusory statements that plaintiff was an employee of Augustine's Motor Lodge. A motion to reconsider is proper under section 68.3 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 68.3; *Childress v. State Farm Mutual Automobile Insurance Co.*, 97 Ill. App. 2d 112, 239 N.E.2d 492 (4th Dist. 1968)), but the granting of such a motion is ordinarily within the discretion of the trial judge. Whether to allow the filing of affidavits after the hearing on a motion for summary judgment is also discretionary. (*Precision Extrusions, Inc. v. Stewart*, 36 Ill. App. 2d 30, 183 N.E.2d 547 (1st Dist. 1962); *Gliwa v. Washington Polish Loan & Building Association*, 310 Ill. App. 465, 34 N.E.2d 736 (1st Dist. 1941).) Plaintiff had ample opportunity to present evidence prior to the entry of summary judgment, and her motion to reconsider was for the trial court's determination. We find no abuse of discretion in its denial of plaintiff's motion.

■■ A motion for summary judgment should be granted where there is

no genuine issue as to any material fact and movant is entitled to summary judgment as a matter of law. *Carruthers v. B. C. Christopher Co.*, 57 Ill. 2d 376, 313 N.E.2d 457 (1974).) In determining if there is a genuine issue as to any material fact, inferences may be drawn from the facts which are not in dispute, and if fair-minded persons could draw different inferences from these facts, then a triable issue exists. *Ruby v. Wayman*, 99 Ill. App. 2d 146, 240 N.E.2d 699 (2d Dist. 1968).

The material facts in the instant case are undisputed. They require us to hold, as a matter of law, that defendant was protected under the Workmen's Compensation Act from liability for common law negligence. We affirm the circuit court's entry of summary judgment for this reason and also for plaintiff's failure to comply with Supreme Court Rule 342. See *Dunlap v. Marshall Field & Co.*, 27 Ill. App. 3d 628, 327 N.E.2d 16 (1st Dist. 1975).

Affirmed.

JONES, J., concurs.

Mr. JUSTICE GEORGE J. MORAN, dissenting:

I do not agree that the plaintiff is an employee of the defendant. Nor do I agree that summary judgment was proper in this action. The majority creates a contract between the parties without their consent, and in so doing disregards several conflicting facts in the record as well as the law on summary judgments.

Summary judgment is available when no genuine issue as to a material fact exists. The procedure is not designed to try an issue of fact, but to determine if one exists. *Fletcher v. Boxx*, 10 Ill. App. 3d 928, 295 N.E.2d 248.

In the case before us, the trial court granted summary judgment based on the finding that as a matter of law, plaintiff was a loaned employee within section 1(a)(4) of the Workmen's Compensation Act (Ill. Rev. Stat. 1975, ch. 48, par. 138.1(a)(4)), and therefore barred from pursuing her common law remedy. In this finding, the trial court was clearly in error.

Section 1(a)(4) of the Workmen's Compensation Act is applicable to employers who are in the business of "hiring, procuring, or furnishing employees to or for other employers * * * shall be deemed a loaning employer within the meaning and provisions of this Section." At the outset, it should be pointed out that the record is absent any evidence as to the business of Marra Corporation other than operating a motel. If Marra Corporation is in the business of hiring, procuring or furnishing employees to or for other employers, the record does not substantiate

such a finding. Additional findings are necessary before the trial court should have granted summary judgment on the basis of a loaned employee.

In *M & M Electric Co. v. Industrial Com.*, 57 Ill. 2d 113, 311 N.E.2d 161, our Supreme Court held that the existence of a "loaned employee" relationship is a question of fact. The court stated:

> "There are many different considerations which may be applicable to the loaned-employee question. (See generally Restatement (Second) of Agency, section 220, p. 485 *et seq.*) Due to the large number of factors which may be relevant to any factual situation, we have held that generally the existence of the loaned-employee relationship is a question of fact, and therefore a question for the Industrial Commission. (*Gundich v. Emerson-Comstock Co.* (1961), 21 Ill. 2d 117.) The test for whether or not a question is one of law or fact in such cases was set forth in *Henry v. Industrial Com.* (1952), 412 Ill. 279. At page 284 we stated: 'If the undisputed facts upon any issue permit more than one reasonable inference to be drawn therefrom, the determination of the issue presents a question of fact, and the conclusion of the commission in deciding the question will not be disturbed upon review; only if the undisputed facts are susceptible of but a single inference can the question be characterized as one of law [citations],' " 57 Ill. 2d 113, 117.

It is apparent from the record that several material facts are at issue, which have a direct bearing on the employment relationship between the plaintiff and the defendant. The plaintiff contends that she was a business invitee of the defendant. The defendant contends that the plaintiff was an employee of the Marra Corporation as indicated in defendant's affirmative defense and the discovery depositions. These facts are in direct conflict with the trial court's findings and at a minimum present a triable issue of fact.

On appeal it is incumbent upon this court to determine if there is a triable issue of fact on this record. The majority chose to forego this determination and proceeded to make further findings of fact as to the employment relationship between the plaintiff and defendant.

In holding that the plaintiff was an employee of the defendant, the majority makes findings of fact that are clearly inconsistent with the evidence in the record. Defendant asserted in its affirmative defense that plaintiff was an employee of Marra Corporation. Also, Tony Augustine, president of Augustine's Incorporated, the defendant corporation, testified in the discovery deposition that plaintiff was an employee of Marra Corporation and sent down to the defendant to defray the expenses of work done by the defendant for the Marra Corporation. The

record is absent any assertions on which the majority can base its findings.

In order to substantiate the decision of the majority, it is necessary to show that the plaintiff had consented to a change of employer, and that plaintiff had expressly or impliedly entered into a contractual relationship with the defendant. In *Crepps v. Industrial Com.*, 402 Ill. 606, the court stated:

> "The relationship of employer and employee is a contractual relationship, the requisites to the formation of such relationship being determined by an application of the principles governing the formation of other contracts. The relationship is a product of mutual assent, that is, of a meeting of minds expressed by some offer on the part of one to employ or to work for the other and an acceptance on the part of the other." 402 Ill. 606, 614.

In my opinion, the record does not contain sufficient facts to satisfy the requirements of a change of employer. The record reflects the fact that the plaintiff was paid by Marra Corporation and was sent to work for the defendant to defray expenses of work performed by the defendant for Marra Corporation. The record is absent any facts that show a meeting of the minds between the plaintiff and the defendant. On the contrary, the record shows that a genuine issue exists as to who in fact was the employer of the plaintiff.

I believe this case should be governed by *Dowell v. William H. & Nelson Cunliff Co.*, 26 Ill. App. 3d 388, 324 N.E.2d 660. In *Dowell* this court reversed the order of the circuit court granting summary judgment on a very similar question of a "loaned employee." This court recognized its scope on review as determining if there was a triable issue of fact presented on the record. Citing *M & M Electric Co. v. Industrial Com.*, 57 Ill. 2d 113, 311 N.E.2d 161, this court determined that a material fact existed. The facts in *Dowell* are very similar to the facts in the case on appeal. In both cases the employee was paid by someone other than the defendant-employer. In both cases, the plaintiff was under the direction of the defendant and could be fired by the defendant.

In view of the above, I am compelled to dissent. I believe a genuine issue of fact exists as to the plaintiff's employment relationship with the defendant, and therefore summary judgment was improper.