THE PEOPLE *ex rel.* JOHN A. BARRA, Plaintiff-Appellee, v. THE CITY OF PEORIA, Defendant-Appellant (Kickapoo Township, Intervenor-Appellee).

Third District   No. 3—88—0690

Opinion filed May 17, 1989.

David L. Thomas, Corporation Counsel, and Glenn H. Collier, of Jackson, Mitchell & Collier, both of Peoria, for appellant.

Chris Fredericksen, Assistant State's Attorney, of Peoria, for appellee People ex rel. Barra. ˙

Zane Lucas, of Elmwood, for appellee Kickapoo Township.

JUSTICE STOUDER delivered the opinion of the court:

The city council of the defendant City of Peoria (the City) adopted an ordinance purporting to annex certain tracts of land located in the County of Peoria. The plaintiff State of Illinois filed a complaint in *quo warranto*, alleging that the annexation was illegal, void, and of no force and effect. Kickapoo Township (the Township), where the land sought to be annexed is located, filed a petition to intervene, which was granted by the trial court. The State and the Township subsequently filed a motion for summary judgment. The trial court granted the motion and the City appeals. We reverse.

Section 7—1—8 of the Illinois Municipal Code (Ill. Rev. Stat. 1987, ch. 24, par. 7—1—8) provides that a territory may be annexed upon the submission of a written petition signed by all of the property owners of record and by at least 51% of the electors residing within the territory. The record shows that the instant annexation petition was signed by all of the owners of record and by four electors. The State successfully contended before the trial court that the four signing electors represented only 50% of the total eight electors residing upon the annexed land. Specifically, the State prevailed on the issue of whether Linda Schielein, the daughter of electors Ethel and Clarence Schielein, was an elector qualified to sign the petition for annexation. The City argues on appeal that the trial court erred in granting summary judgment on this issue.

When the petition was filed in September of 1982, Linda Schielein was living in Kewanee, Illinois, where she attended college. She had been living there for two years. All of her school documents showed a Kewanee address. At her discovery deposition, Linda stated that she had intended for her Kewanee home to be her perma-

nent residence at the time of the filing of the petition and that she believed it was her permanent residence. She acknowledged that after graduating from college she had returned to her parents' home temporarily, because she was getting married in a few months. She noted, however, that she planned on moving to Herrick, Illinois, after the wedding.

Conversely, the evidence also showed that Linda retained a Peoria address on her driver's license. Further, she was registered to vote and did vote in the 1982 Peoria County elections. It also showed that she had maintained a bank account in Peoria and that her income tax returns listed a Peoria address.

■ A motion for summary judgment should be granted "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (Ill. Rev. Stat. 1987, ch. 110, par. 2—1005(c).) In ruling on the motion, the trial judge should construe the pleadings, affidavits, exhibits and depositions most strictly against the moving party and most liberally in favor of the opponent. (*Staton v. Amax Coal Co.* (1984), 122 Ill. App. 3d 631, 461 N.E.2d 612.) Summary judgment is not intended to be used as a means of weighing conflicting issues of fact. *Fletcher v. Boxx* (1973), 10 Ill. App. 3d 928, 295 N.E.2d 248.

■ The two primary elements for establishing residence are presence and the intention of remaining for the immediate future. (*Hughes v. Illinois Public Aid Comm'n* (1954), 2 Ill. 2d 374, 118 N.E.2d 14.) Intent is gathered primarily from the acts of the person; however, a person's declared intent is also relevant. *Stein v. County Board of School Trustees* (1968), 40 Ill. 2d 477, 240 N.E.2d 668.

■ In the instant case, the trial court held as a matter of law that Linda Schielein was a resident of Peoria County at the germane time and that her intent did not represent a genuine issue of material fact. We disagree. Linda stated in her deposition that she intended for Kewanee to be her permanent residence and that, although she retained her Peoria address for purposes of her driver's license and voter registration, she did so only out of convenience. She also stated that she voted in the county election in 1982 because she was in town that day and believed that she was still entitled to vote in Peoria despite her change in residence. Additionally, she was living in Kewanee at the time in question and her school records listed only her Kewanee address. This conflicting evidence concerning Linda's intent raised a genuine issue of material fact. The trial court could not have granted summary judgment without improperly

weighing the conflicting evidence. Accordingly, we find that the court erred in granting summary judgment.

The judgment of the circuit court of Peoria County is reversed and the cause is remanded for further proceedings.

Reversed and remanded.

BARRY and SCOTT, JJ., concur.