(No. 22931.—

THE EAST ST. LOUIS AND INTERURBAN WATER COMPANY, Appellee, *vs.* THE CITY OF BELLEVILLE, Appellant.

*Opinion filed April 17, 1935—Rehearing denied June 11, 1935.*

HERRICK and SHAW, JJ., specially concurring.

LOUIS J. GROSSMANN, City Attorney, and STEVENS & HERNDON, (ELMER NAFZIGER, of counsel,) for appellant.

FARMER, KLINGEL & BALTZ, for appellee.

Mr. JUSTICE ORR delivered the opinion of the court:

An action at law was instituted in the circuit court of St. Clair county by appellee to recover an amount claimed to be due from appellant for water hydrant rentals. From a judgment in favor of appellee an appeal was taken here upon the certificate of the trial judge that the validity of a municipal ordinance is involved and in his opinion the public interest requires a direct appeal.

Appellee is a corporation engaged in supplying water for public and private use to the city of Belleville and its inhabitants. On June 4, 1907, appellant entered into a contract with the Belleville Deep Well Water Company, its successors and assigns, for the construction of a water supply system to furnish water to appellant and its inhabitants for an initial period of twenty-five years. This contract was in the form of an ordinance, No. 771, and was later amended. In 1916 the Belleville Water Supply Company, a successor company, became consolidated with other water

companies into the appellee company. Under ordinance 771, and ordinances amendatory thereof, appellant was to pay a stipulated annual rental on the fire hydrants then installed and to be installed during the time the ordinance contract was effective. The annual rental has varied from time to time since 1907, being $66 per hydrant since 1927. Up to November, 1932, appellant paid the rentals in full on 410 hydrants, but since that time has excepted 27 hydrants from its payments. Vouchers issued monthly by appellant for the hydrant rentals for the months of January to July, both inclusive, of 1934, bore endorsements that they constituted full payment for hydrant rentals. Appellee refused to accept these vouchers, claiming to be entitled to rental on 410 hydrants instead of 383, or a total of $18,178.51, with interest. A second count of the complaint was made up of the consolidated common counts. Appellant filed an answer to the complaint, which, after several amendments, asserted that under ordinance 771 and its amendments the aggregate hydrant rentals throughout the twenty-five-year period was in excess of five per cent of the assessed valuation of the taxable property in Belleville at the respective dates of enactment of the ordinances, thus bringing the ordinances within the prohibition of section 12 of article 9 of the constitution, which provides: "No county, city, township, school district, or other municipal corporation, shall be allowed to become indebted in any manner or for any purpose, to an amount, including existing indebtedness, in the aggregate exceeding five percentum on the value of the taxable property therein," etc. Appellee moved to strike the answer on the theory that the matters therein did not constitute a defense to the action. The court below concurred in this view, struck the answer and gave judgment for appellee for $17,864. We are asked to determine the effectiveness of the complaint and matters of defense to the exclusion of other questions in order that the substantial rights of the parties may be settled at this time free

from any consideration of technical insufficiencies of either the complaint or answer.

We have had occasion to consider the language and meaning of section 12 of article 9 of the constitution many times in the past. We have held the provision to be mandatory and self-executing, as it is negative and prohibitory. (*Law* v. *People,* 87 Ill. 385.) The prohibition is against becoming liable to pay "in any manner or for any purpose," and there is no distinction between a debt payable presently and one payable in the future. (*City of Springfield* v. *Edwards,* 84 Ill. 626; *Wade* v. *East Side Levee District,* 320 id. 396.) Inchoate or completely consummated liabilities are included, regardless of their manner or purpose. (*Village of East Moline* v. *Pope,* 224 Ill. 386.) This includes contract debts where future payments are called for. (*Evans* v. *Holman,* 244 Ill. 596; *Wade* v. *East Side Levee District, supra.*) When we come to consider the indebtedness in point of time the time of incurring the liability governs. (*City of Chicago* v. *Galpin,* 183 Ill. 399.) The rule of the majority of the States upon this common constitutional prohibition, where annual installments are concerned, is that the aggregate indebtedness is not at once created. Illinois holds to the opposite view by declarations of this court that where a contract calls for the payment of annual installments an indebtedness is at once created for the aggregate of all the installments. (*City of Chicago* v. *McDonald,* 176 Ill. 404; *Evans* v. *Holman, supra; Wade* v. *East Side Levee District, supra.*) The obligation to pay specified hydrant rentals as they fall due through a specified period comes under this prohibition. *Prince* v. *City of Quincy,* 128 Ill. 443.

Appellee asserts that hydrant rentals arising under contract ordinance 771 and its amendments do not constitute fixed sums though amounts may be specified in the ordinance, and that the rentals were not fixed for the twenty-five years. A city cannot, by ordinance or other means,

contract away its police power of fixing rates. Such power may be exercised from time to time or even continuously. (*City of Danville* v. *Danville Water Co.* 178 Ill. 299; *Public Utilities Com.* v. *City of Quincy*, 290 id. 360; *Board of Education* v. *Alton Water Co.* 314 id. 466.) For the same reason appellant could not bind future city councils by setting up a fixed hydrant rental for the period. As a matter of fact, the rental rates were reduced through the course of years from $75 per hydrant to $66. The rates as originally fixed continued in force until superseded by other rates brought into existence through the exercise of the municipal or State police power.

Appellee relies largely upon early decisions of this court to support its contention that the ordinance, at the time of its enactment, did not create a present subsisting debt against appellant for the aggregate amount of the water rentals. Appellee cannot avail itself of the holding in *City of Danville* v. *Danville Water Co. supra*, on this particular point, since that part of section 12 of article 9 of the constitution which we are now discussing was not involved in the *Danville case*. The cases of *City of East St. Louis* v. *East St. Louis Gas Light and Coke Co.* 98 Ill. 415, and *City of Carlyle* v. *Carlyle Water, Light and Power Co.* 140 id. 445, are cited. An examination of later decisions where these two cases were discussed shows that appellee can derive little comfort from them. In *City of Chicago* v. *McDonald, supra,* it was stated that while some have contended that a municipal contract for necessaries, payable in annual installments, did not mean the creation of a present indebtedness in the constitutional sense, yet this court was committed to a contrary view of the law which it believed to be "the correct one and certainly reasonable and just." In *Evans* v. *Holman, supra,* we held a contract to pay a stated sum annually for lights over a period of thirty years constituted an indebtedness for the whole amount and was illegal. The *Carlyle* and *East St. Louis cases* were again

considered in *City of Chicago* v. *Galpin, supra,* where the defense was "that no indebtedness whatever was created by the execution of the contracts, because they are continuing contracts, providing for monthly payments of so much as shall be found to be due at the end of the month for lamps actually in use during that month." Again we said those cases were no longer persuasive. In the comparatively late case of *Wade* v. *East Side Levee District, supra,* the debatable portion of the two cases was definitely laid to rest in the following language: "It is also contended by appellant that these contracts (where the consideration is paid from month to month as the work progresses or is payable in installments, and where, as here, the municipality was not indebted up to the constitutional limit at the time the contracts were made,) cannot be included as a debt within the constitutional limitation. Appellee cites *City of East St. Louis* v. *East St. Louis Gas Light and Coke Co.* 98 Ill. 415, *City of Carlyle* v. *Carlyle Water, Light and Power Co.* 140 id. 445, and *City of Chicago* v. *Galpin, supra.* The last case cited is not an authority for the proposition stated, and the first two cases were criticised in *City of Chicago* v. *McDonald,* 176 Ill. 404, and such criticism again referred to the *Galpin case.* If the two contracts here in question may be termed installment contracts, we think the language of the opinions in several cases where that situation was discussed somewhat, warrants the conclusion that this court is committed to the view to be applied here, that a present indebtedness was incurred by this municipality when it entered into the two contracts and assumed liability thereunder.—*City of Chicago* v. *Galpin, supra; City of Chicago* v. *McDonald, supra; Schnell* v. *City of Rock Island,* 232 Ill. 89; *Evans* v. *Holman, supra; Lobdell* v. *City of Chicago,* 227 Ill. 218."

In view of our previous decisions we can only conclude that the contract ordinance was void because it created a then subsisting indebtedness in excess of the Belle-

ville constitutional limitation. By taking the number of hydrants in Belleville when the ordinance contract was entered into in 1907, and multiplying their number by the minimum rental rate during the period, $66, and then multiplying that product by 25, yields the amount of $369,600, which exceeded the five per cent debt limitation of Belleville in 1907. As the contract ordinance was void, it follows that the contingent provisions therein for the continued existence of the contract beyond the twenty-five-year period were likewise void.

The claim of appellee in this action was for rentals covering a period subsequent to the twenty-five-year period. Appellant, by tendering vouchers monthly for the payment of rental on 383 hydrants for those subsequent months, has admitted the existence of an obligation to that extent, and likewise has admitted the reasonable basis of rental per hydrant per annum to be $66. Appellant was not bound by any legal obligation to pay rental on 410 hydrants if it saw fit to abandon 27 of them. Because of the tender of rental due on 383 hydrants, and the refusal of this tender by appellee, the trial court properly refused to allow interest on these tendered payments in the judgment. The judgment of the circuit court should have been for $14,745 under the consolidated common counts (Civil Practice act, art. 6, secs. 31-(1) and 33-(3), for rental of 383 hydrants.

The judgment is reversed and the cause is remanded to the circuit court, with directions to enter a judgment for appellee in the sum of $14,745, without interest.

*Reversed and remanded, with directions.*

HERRICK and SHAW, JJ., special concurring: We agree with the result reached in this opinion but not with all of the reasoning by which such result is reached.