MARIE C. SCHULTZ *et al.*, Plaintiffs-Appellants, *v.* AMERICAN NATIONAL BANK AND TRUST COMPANY *et al.*, Defendants-Appellees.

Second District (2nd Division) No. 75-330

Opinion filed August 3, 1976.—Rehearing denied August 27, 1976.

Julius Abler, of Libertyville, for appellants.

Wasneski, Yastrow, Kuseski & Flanigan, of Waukegan, for appellees.

Mr. JUSTICE DIXON delivered the opinion of the court:

Plaintiffs Marie and Lewis Schultz filed suit to cancel certain notes, deeds and security agreements on the grounds that there was no consideration given to plaintiffs. By answer defendant American National Bank and Trust Company (Bank) denied a lack of consideration. Plaintiffs and the defendant filed motions for summary judgment supported by affidavit. The Circuit Court of Lake County, after determining that no genuine issue of fact existed, entered summary judgment against plaintiffs.

Plaintiffs were shareholders, directors and principal officers of Merchants Moving and Storage, Inc. Mrs. Schultz was president of the corporation. As of April 3, 1972, the corporation was indebted to the Bank

on a note of $10,000 plus accumulated interest of $192.87. The debt was due but the corporation was unable to pay. Plaintiffs on April 3 executed an $11,500 note in favor of the Bank. As consideration for the $11,500 note the Bank applied $10,192.87 to the full payment of the $10,000 corporate note. $1037.13 was deposited into the corporation checking account and $270 was applied to the first and second payments on the new $11,500 note.

On June 8, 1972, plaintiffs executed a $5000 note to the Bank. $5000 was credited to the corporation's checking account at the request of plaintiffs.

As of June 22, 1973, the corporation also owed the Bank substantial amounts which indebtedness was secured by pledges of accounts receivable. On that date the Bank advised plaintiff that it had discovered that although the corporation had collected many of the pledged accounts the money had not been properly applied to the debt owing the Bank. The Bank believed that about $30,000 had been collected and not applied to the debt. Then on June 22, 1973, Mrs. Schultz alone gave a $30,000 note to the Bank.

To secure the $11,500 note both plaintiffs gave the Bank a mortgage on real estate owned by them. Then to secure the $5,000 note plaintiffs transferred the same real estate to the Bank as trustee. A junior trust deed from the Bank as trustee to the Bank as creditor was executed. To secure the $30,000 note plaintiffs assigned their beneficial interest in the trust to the Bank.

All of the notes are in default and are still being held by the Bank.

I

Section 3—408 of the Uniform Commercial Code (Ill. Rev. Stat. 1973, ch. 26, par. 3—408) states:

> "Want or failure of consideration is a defense as against any person not having the rights of a holder in due course * * *, except that no consideration is necessary for an instrument or obligation thereon given in payment of or as security for an antecedent obligation of any kind.* * *"

Plaintiffs contend that because the Bank did not affirmatively plead the "except" clause in its answer it cannot rely on that clause in its motion for summary judgment.

Unless contained in the enacting clause if the exception appears in a subsequent clause of a statute the party who wishes to rely on it has the burden of pleading it in order to avoid the operation of the statute. *People ex rel. Illinois Armory Board v. Kelly*, 369 Ill. 280, 283-84; *Edwards v. Willcutts*, 20 Ill. App. 3d 699, 701.

■■ The fact that the except clause states that "no consideration is

necessary" does not mean that consideration was not in fact present. New money was given by the Bank for the $5,000 note (*Commercial State Bank v. Folkerts*, 200 Ill. App. 385); there was a discharge of the $10,000 note plus new money given for the $11,500 note (*Farmers National Bank v. Rosenkrans*, 240 Ill. App. 230); and forbearance was consideration for the $30,000 note (*Weiland v. Weiland*, 297 Ill. App. 239, 245). Further it was not necessary here for the Bank to affirmatively plead the except clause in order to rely on it. A court may consider affirmative defenses raised in a motion for summary judgment even if those matters were not raised in an answer or by motion. *Houser v. Michener*, 20 Ill. App. 3d 391, 395; *Metropolitan Sanitary District v. Anthony Pontarelli & Sons, Inc.*, 7 Ill. App. 3d 829, 839; *Slone v. Morton*, 39 Ill. App. 2d 495, 497.

## II

■■ The $30,000 note was signed by Mrs. Schultz as security for an antecedent debt then due from the corporation. Plaintiffs argue that since the bank had constructive knowledge that the pledged receivables had been collected and misapplied that it was somehow estopped to request additional security to replace the money diverted. They cite only two cases, *United States Cold Storage Co. v. Central Manufacturing District Bank*, 343 Ill. 503, and *National Bank v. Sachs*, 314 Ill. App. 570, arguing that when a pledged asset was collected by the corporation and deposited to its account the checks became the "property of the bank." This is no more than a statement of a general rule (5 Ill. L. & Pr. *Banks* §189 (1953)) which has no application to the facts of this case.

The exercise by a bank of its right to apply a deposit made with it to the payment of an indebtedness due it from the depositor is optional with the bank. (*Anderson v. Keystone Chemical Supply Co.*, 293 Ill. 468, 474.) There is no merit to this argument of plaintiffs.

## III(a)

Plaintiffs argue that the Bank has not responded to affidavits of Mrs. Schultz and her counsel Julius Abler stating:

The Bank required that its accountants audit the books of the corporation and they did.

The Bank argues that it was true but also immaterial. We agree.

## (b)

In the affidavit filed in support of the Bank's motion for summary judgment, the affiant Frank C. Potter, the Bank's board chairman, alleged that certain conversations took place at a meeting with Mrs. Schultz and that one of the persons present was Jack Frey (Bank's then president).

Plaintiff's attorney Julius Abler filed a counteraffidavit saying he telephoned to Jack Frey, now residing in Arizona and that Frey told him he did not remember the meeting.

A hearsay statement to the effect that another person doesn't remember something does not meet the requirements of Supreme Court Rule 191(a). A counteraffidavit must recite material facts to which affiant could testify if called at trial. *Windlow v. Wagner*, 29 Ill. App. 3d 172, 178.

(c)

■■ Potter's affidavit states that the bulk of the proceeds of the $11,500 note was to pay the $10,000 prior loan to the corporation and the balance could be *used as plaintiffs desired*. That in fact the $11,500 was disbursed as follows:

$10,000 to pay the principal of the $10,000 corporation note
$192.87 to pay the interest due on the $10,000 note
$1037.13 by a check which plaintiffs, two weeks thereafter voluntarily deposited to the checking account of the corporation
$270 to the first and second payment due on the note for May 1 and June 1, 1972 (though note was dated April 3, 1972, disbursement was not made until June).

The counteraffidavit of Mrs. Schultz on this point does not deny any fact except that the $1037.13 was given to her by a check, but does admit that $1037.13 was deposited to the corporation's account on June 23, 1972.

The total extent of the denial here is that the bank and not the plaintiffs deposited the money to the corporation account.

We fail to see how this quibble is material. The undenied, undisputed fact is that all of the $11,500 was loaned to plaintiffs by the Bank.

(d)

The Potter affidavit also stated that plaintiffs' $30,000 note was "additional and substituted security" for the corporation indebtedness.

Plaintiffs argue that if the security was "additional" then the obligation of the corporation would continue; if "substituted" the obligation of the corporation would terminate and that it cannot be both ways.

This play on words confuses "indebtedness" with "security." To argue that one can not substitute security and give additional security for the same underlying debt is nonsense.

(e)

Finally, on this part of their argument the plaintiffs point to a letter written by Potter on August 8, 1973, to imply that the Bank is taking an inconsistent position and thereby creating an issue of fact.

The full text of the letter, which was addressed to Mrs. Schultz more than a year before any litigation is as follows:

"You have asked for information concerning your indebtedness to this bank in connection with the loans of Merchant Moving & Storage Inc.

It is our understanding that moneys advanced to you secured by real estate mortgages and an Assignment of Beneficial Interest in Trust Number 339 at this bank, have been utilized by you in making advances to the company.

The present status of your personal debt to this bank is as follows:

Real estate mortgage dated April 3, 1972 has a present balance of $10,555.95 plus interest accrued to current date of $230.64 making a total of $10,786.59. Real estate mortgage dated June 8, 1972 has a present balance of $5,000.00 plus accrued interest of $166.58 making a total of $5166.58.

You have also given us as additional collateral to support the indebtedness of Merchant Moving & Storage, Inc., a note secured by your assignment of beneficial interest in Trust #339 at this bank in the amount of $30,000.00."

In their brief plaintiffs have taken the second sentence of the letter out of context to argue that a question of fact has been created. It is obvious that the second sentence refers only to the $11,500 note and the $5000 note discussed in the next sentence.

By a mass of trivia plaintiffs' attorney in this case has attempted to show that there is a genuine issue as to the material facts. The factual issues which are disputed must be material to the essential elements of the cause of action or defense and those which are unrelated, regardless of how sharply controverted, do not warrant the denial of summary judgment if otherwise proper. (*Leon v. Max E. Miller & Son, Inc.*, 23 Ill. App. 3d 694.) In the instant case the few trivial facts in dispute are not material, create no genuine issues of material fact, and are not sufficient to raise an issue of credibility with respect to testimony on a material fact. See *State Farm Mutual Automobile Insurance Co. v. Short*, 125 Ill. App. 2d 97, 107.

IV

By point IV of their argument plaintiffs contend that affidavits are less acceptable than open court testimony and therefore Potter's affidavit should not be accepted. The historical observations supplied do not negate the fact that affidavits may be used to support a motion for summary judgment, and the facts contained therein are to be taken as true when not denied or controverted by counteraffidavit. *Leon v. Max E. Miller & Son.*

Plaintiffs have not denied any material fact set forth in the Potter affidavit and those facts therefore are to be taken as true.

### V

Plaintiffs cite the proposition that testimony of one who swears falsely to a material fact may be disregarded except to the extent it has been corroborated. From this they leap to the conclusion that "the entire affidavit testimony of Potter should be disregarded."

The simple answer to this argument is that Mr. Potter has not sworn falsely to a material fact. Where properly alleged facts in affidavits in support of a motion for summary judgment are not contradicted by counteraffidavits the facts so averred must be taken as true. *Fooden v. Board of Governors*, 48 Ill. 2d 580, 587.

### VI

■■ In 1970 Mr. Schultz became extremely ill, disabled and apparently unable to continue to run the corporation business. He gave a general power of attorney to Mrs. Schultz "to execute all documents in his name, including but not limited to the following:" and giving her express power:

"To execute deeds, deeds in trust, contracts of sale, leases, assignments of insurance, Real Estate Transfer Declarations, closing statements *and all other documents necessary for the sale, mortgage or lease of the residence* property now occupied by the undersigned." (The real estate in question.)

The $11,500 note and the $5,000 note were signed by Mrs. Schultz individually and as attorney in fact for Mr. Schultz. The $30,000 note was signed only by Mrs. Schultz individually. Each note was secured by a lien on the real estate in question and the lien documents were signed by Mrs. Schultz individually and as attorney in fact for Mr. Schultz.

Without giving us the benefit of a citation of authority of any kind whatsoever, plaintiff contends that the power of attorney did not encompass the giving of security for the corporation's indebtedness and therefore as to Lewis Schultz any such notes and assignments are void as without authority to be executed.

The trial court found the power of attorney to be a general power broad enough to authorize the execution of the notes and the security documents.

The only real question here is whether an agent with a general power of attorney may create a lien upon the principal's property without receiving a present consideration for the benefit of his principal. (See Annot., 73 A.L.R. 884 (1931).) As to the $11,500 and the $5,000 notes a present consideration was given by the Bank.

As to the $30,000 note signed only by Mrs. Schultz individually we have

a different matter. Schultz was not liable on that note and we do not think the assignment and security agreement[1] executed 22 June 1973 is valid as to Lewis M. Schultz. The power to mortgage is ordinarily confined to the execution of a mortgage for the principal's benefit, and does not confer any authority upon the agent to encumber the property for the benefit of himself or of some third person, however broadly and comprehensively the mandate may be expressed, unless there are express terms or other unmistakable manifestations of a contrary intention on the part of the principal, in which event the mortgage may, of course, be for any purpose to which he has assented. 2A C.J.S. *Agency* §195b, at 883 (1972); Annot; *Power of Attorney to Convey*, 73 A.L.R. 884, 891 (1931).

## VII

Plaintiffs contend that on a motion for summary judgment affidavits submitted in its support must be strictly construed and affidavits in opposition thereto must be liberally construed. (*Midwest Grocery Co. v. Danno*, 29 Ill. App. 2d 118; *Hendricks v. Deterts*, 13 Ill. App. 3d 976.) We agree but point out again that where well-alleged facts are not contradicted by counteraffidavit they must be accepted as true. *Leon v. Max E. Miller & Son, Inc.*

The judgment of the Circuit Court is affirmed in all respects except as it pertains to the assignment and security agreement executed 22 June, 1973. That agreement is valid as to Marie C. Schultz but not as to Lewis M. Schultz.

Affirmed in part, reversed in part with directions.

RECHENMACHER, P. J., and GUILD, J., concur.

---

[1]Authority to mortgage does not require that the instrument executed pursuant thereto be formally and technically of that character but empowers the agent to make any equivalent conveyance for the same purposes for which a mortgage was authorized. 2A C.J.S. *Agency* §195b (1972).