AMERICAN NATIONAL BANK AND TRUST COMPANY OF WAUKEGAN, Plaintiff-Appellee, *v.* LEWIS M. SCHULTZ *et al.*, Defendants-Appellants.— (FRANK C. POTTER *et al.*, Defendants.)

Second District    No. 77-331

Opinion filed November 10, 1977.

Julius Abler, of Libertyville, for appellants.

Richard B. Kuseski, of Wasneski, Yastrow, Kuseski & Flanigan, of Waukegan, for appellee.

Mr. JUSTICE BOYLE delivered the opinion of the court:

American National Bank and Trust Company of Waukegan (hereinafter "mortgagee"), in a pending foreclosure action against Lewis M. Schultz and Marie C. Schultz (hereinafter "defendants"), filed a petition to place itself in possession as mortgagee of premises located at 830 Ash Street, Waukegan, Illinois. The defendants filed a "response" to this petition but did not specifically deny any of the allegations set forth in the mortgagee's petition. The trial court found that the mortgagee's petition had not been controverted under oath and that the bank was the mortgagee and legal holder of the three notes sought to be foreclosed. The trial court further determined that placing the mortgagee in possession was necessary for the conservation and protection of the

premises and for the security of the mortgagee's interest. The court allowed the defendant, Marie C. Schultz, to remain in possession of the portion of the premises she presently occupied on the condition that she pay the mortgagee $125 monthly rental commencing on June 15, 1977. Mrs. Schultz was ordered to pay all utilities, insurance premiums, real estate taxes, and costs of repair and maintenance on the premises. The tenant, Jay Swank, was ordered to pay his monthly rental of $175 directly to the mortgagee commencing with the June 15, 1977, rent. The defendants take this interlocutory appeal, pursuant to Supreme Court Rule 307(a) (4) (Ill. Rev. Stat. 1975, ch. 110A, par. 307(a)(4)), from the order of the trial court granting possession to the mortgagee and its denial of defendant's motion to reconsider and vacate that order.

This court, in *Schultz v. American National Bank & Trust Co.* (1976), 40 Ill. App. 3d 800, 352 N.E.2d 310 (affirmed in part, reversed in part with directions), in a summary judgment action, previously determined that the three notes to the mortgagee were valid, with Mr. and Mrs. Schultz liable for the $11,500 and $5,000 notes, and Mrs. Schultz, individually, liable for the $30,000 note. Each of the above notes was secured by a lien on the real estate in question.

Defendants contend first that the trial court was required to conduct a hearing on the mortgagee's petition to be placed in possession of the aforementioned premises by sections 3 and 5 of "An Act in relation to * * * possession of mortgaged real estate * * *" (Ill. Rev. Stat. 1975, ch. 95, pars. 22b.53, 22b.55). Under section 5, the court is required to promptly conduct a hearing "[i]n the event that the right of the mortgagee to take possession of the premises shall have been controverted * * *." Otherwise, section 3 provides that "unless the mortgagee's application to be placed in possession of the premises shall have been controverted under oath, the court may, * * * enter an order placing in possession of the mortgaged premises the mortgagee so applying for such order * * *."

Defendants' response to the mortgagee's petition explained how the three mortgages arose; contained a schedule of indebtedness of Merchants Moving & Storage Co., a corporation in which the defendants were stockholders, directors and principal officers; and also incorporated an affidavit of the chairman of the board of directors of mortgagee's bank, explaining the origin of the above mortgages. Defendants' response did not controvert under oath or deny the petitioner's allegations: that the defendants had three mortgages with an aggregate value in excess of $45,000 outstanding, which were long past due; that the defendants had not paid their 1975 real estate taxes of $754.50 and that the mortgagee had been required to pay these taxes for them; that the defendant, Mrs.

Schultz, resides at the premises being foreclosed and is paying no real estate taxes, rent or mortgage payments; that the mortgagee reasonably believes that Mrs. Schultz is collecting rent from a tenant named Swank in an unknown, monthly amount.

■■ ■ In determining if the defendants have controverted the allegations in mortgagee's petition, we are guided by section 40(2) of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 40(2)) which requires that pleadings be specific and provides that:

> "Every allegation, except allegations of damages, not explicitly denied is admitted, unless the party states in his pleading that he has no knowledge thereof sufficient to form a belief, and attaches an affidavit of the truth of the statement of want of knowledge, or unless the party has had no opportunity to deny."

Defendants have cited no authorities and independent research has disclosed none which would support the conclusion that the defendants' response in any way controverts the allegations of the mortgagee's petition. Defendants' response is, at best, a reiteration of facts which have been before the trial court in a summary judgment action and which will be before the trial court in the pending foreclosure action. Defendants' failure to deny the allegations in the mortgagee's petition acts as an admission of those facts which are well pleaded. (*Mid-City National Bank v. Mar Building Corp.* (1975), 33 Ill. App. 3d 1083, 339 N.E.2d 497.) Accordingly, the trial court found that the mortgagee's petition, which had not been controverted under oath, required that the mortgagee be placed in possession for the protection and conservation of the premises and the security of the mortgagee's interest. These findings are clearly not against the manifest weight of the evidence and do not require that the trial court conduct a hearing on the mortgagee's petition. Ill. Rev. Stat. 1975, ch. 95, pars. 22b.53, 22b.55.

Defendants also contend that their rights to due process have been violated by the court's placing the mortgagee in possession without a hearing on the mortgagors' affirmative defenses raised in their response to the mortgagee's amended complaint for foreclosure. Defendants, again, have cited no authorities in support of their position. It is well settled that " '[c]ourts of review will not reverse judgments * * * where no purpose appears or can be shown.' [Citations.]" (*Lawn Savings & Loan Association v. Quinn* (1967), 81 Ill. 2d 304, 323, 225 N.E.2d 683, 693.) It is sufficient to note here that the defendants were not denied a hearing because of a violation of their due process rights, but rather by their failure to controvert the allegations of the mortgagee's petition as required by statute. Accordingly, there was no violation of the defendants' due process rights, and the merits of defendants' affirmative

defenses raised in their response to the foreclosure action will be heard upon a hearing on the merits.

The judgment of the circuit court of Lake County is affirmed.

Judgment affirmed.

WOODWARD and GUILD, JJ., concur.