CHARLES JAMES KALB, Plaintiff-Appellant and Cross-Appellee, v. THE VILLAGE OF OAK LAWN et al., Defendants-Appellees and Cross-Appellants.

First District (2nd Division) No. 83—2754

Opinion filed November 7, 1984.

Le Roy W. Gudgeon, of Northfield, for appellant.

Klein, Thorpe & Jenkins, Ltd., of Chicago (Patrick A. Lucansky and Thomas P. Bayer, of counsel), for appellees.

JUSTICE STAMOS delivered the opinion of the court:

This is a declaratory judgment action brought by plaintiff Charles Kalb, a retired member of the Oak Lawn fire department, for determination of the amount of accumulated unused sick leave benefits to which he was entitled at the time of his retirement. The village filed a motion to dismiss, which was denied, and a motion for summary judgment, which was granted. The trial court denied plaintiff's cross motion for summary judgment and granted the village's motion partially to strike portions of plaintiff's affidavit in opposition to the village's summary judgment motion. Plaintiff appeals the granting of summary judgment for the village. The village cross-appeals, alleging error in the trial court's finding that firemen are entitled to accumulated unused sick leave benefits under the sick leave ordinance.

Plaintiff Charles Kalb was a full-time member of the Oak Lawn fire department from September 1961 until his retirement on October 1, 1981. The defendant village had enacted during this period several ordinances relating to "sick leave." Plaintiff had, at the time of his retirement, accumulated more than 120 unused sick days and was therefore entitled, under village of Oak Lawn Ordinance 81—1—1, Regulation C, section 7(f), to be paid for accumulated unused sick leave of up to "120 days."

On October 1, 1981, plaintiff received from the village a check for $13,056. This amount represented plaintiff's unused sick leave and was computed based upon 120 days of accumulated sick leave at eight hours per day at $13.60 per hour. On October 2, plaintiff requested an additional $18,048, arguing that he should be compensated based on 120 days of accumulated sick leave at 24 hours per day at $10.80 per hour. Plaintiff also requested that the village release its original check for $13,056 as the undisputed amount.

On October 7, 1981, the village informed plaintiff that its ordinance contained no provisions for computation of unused sick pay on the basis of 24-hour days. The village also indicated that firemen may not be covered by the ordinance, and that the $13,056 therefore could not be released as the undisputed amount. Plaintiff returned the

$13,056 check to the village and refused the village's offers to return it to him.

On September 8, 1982, plaintiff instituted this declaratory judgment action, requesting $31,104. The trial court denied the village's motion to dismiss, granted the village's motion for summary judgment, denied plaintiff's cross-motion for summary judgment, ordered certain provisions stricken from plaintiff's affidavit in support of his motion for summary judgment and awarded plaintiff the sum of $13,056 with interest from October 18, 1983, the date of the court's order. The trial court found that the village's sick leave ordinance applied to firemen and that the payment should be computed on the basis of an eight-hour day.

Plaintiff appeals from the trial court's order granting the village's motion for summary judgment and striking portions of plaintiff's affidavit. Plaintiff claims he should receive $31,104 with interest running from October 1, 1981. The village cross-appeals, arguing that the trial court erred in finding that the sick leave ordinance applied to firemen.

We initially note that it is clear from the language of the sick leave ordinance that the ordinance applies to firefighters.

The central issue raised by plaintiff on appeal is whether the trial court properly granted the village's motion for summary judgment. Plaintiff argues that the trial court incorrectly construed the ordinance as providing for benefits based upon eight-hour days rather than upon 24-hour days. Plaintiff bases this assertion on the fact that, as a fireman, he commonly worked on a 24-hour-on, 48-hour-off schedule, rather than the more conventional eight-hour-on, 16-hour-off schedule.

The trial court found the decision of this court in *Airdo v. Village of Westchester* (1981), 95 Ill. App. 3d 568, 420 N.E.2d 472, to be dispositive of this issue. In *Airdo*, the plaintiff, a suspended firefighter, questioned the village's interpretation of section 10—2.1—17 of the Illinois Municipal Code, which provided for suspensions "not exceeding 30 days without pay." (Ill. Rev. Stat. 1979, ch. 24, par. 10—2.1—17.) The fire chief suspended the plaintiff for five days, and the plaintiff appealed the suspension to the village's board of fire and police commissions, which approved the five-day suspension and added an additional suspension of "25 duty days." Because plaintiff was scheduled to work a 24-hour-on, 48-hour-off shift, this language resulted in his suspension being effectively lengthened to 75 calendar days.

The circuit court subsequently reduced the period of suspension based upon its construction of the word "days" in section 10—2.1—17

as meaning consecutive calendar days, rather than scheduled "duty days." We agreed with the circuit court's decision, noting that "[i]n the absence of any differing indication, words of a statute are to be given their plain, ordinary and common meaning." (*Airdo v. Village of Westchester* (1981), 95 Ill. App. 3d 568, 569.) We also observed:

"The reading proposed by the Board also fails to comply with principles of reasonableness and fairness. Should the Board's interpretation be accepted, the degree of punishment meted out to two suspended parties could vary in relation to the type of work schedules maintained by them, although the suspension terms were equivalent in the number of 'days.' Just such a result occurs here. Plaintiff works a 24-hour-on, 48-hour-off schedule. The Board proposes to suspend him for one 'day' for each 24-hour work period. Yet, had plaintiff remained on the 9½ hour per day, 5-day per week schedule which he held at the time of the initial 5-day suspension, each 'day' of the additional 25-day suspension would have involved only one-third as much time, and presumably one-third as much pay as actually resulted. The legislature is presumed not to intend unjust, absurd, or unreasonable consequences in enacting legislation. [Citation.] The Board's interpretation would result in such consequences. We therefore decline to accept it." 95 Ill. App. 3d 568, 569-70.

■ The sick leave ordinance in the instant case provides for compensation for accumulated unused sick leave of "up to but not exceeding 120 days." Under our decision in *Airdo*, the word "days" in the ordinance should be given its common meaning with regard to an employee day, eight hours. Plaintiff in the instant case performs 24 hours of work in a three-day period, as does anyone working on a conventional eight-hour per day schedule. It would be contrary to the rules of statutory construction, and common sense, to compensate plaintiff for more than eight hours for each of his 120 accumulated unused sick days.

■ Plaintiff's contention that the trial court erred in striking paragraphs 12, 13, 14, 15, 17 and 19 from his affidavit in opposition to the village's motion for summary judgment is without merit. The trial court found these paragraphs to be conclusory and irrelevant and ordered that they be stricken from the affidavit.

Under Supreme Court Rule 191(a), an affidavit in support of or in opposition to a motion for summary judgment "shall not consist of conclusions but of facts admissible in evidence ***" (87 Ill. 2d R. 191(a).) An examination of the paragraphs in question is necessary to

a determination of their compliance with Rule 191.

Paragraphs 12-15 of the plaintiff's affidavit relate statements made by others to the affiant. These paragraphs contain hearsay statements and do not meet the requirements of Rule 191(a). (See *Schultz v. American National Bank & Trust Co.* (1976), 40 Ill. App. 3d 800, 804, 352 N.E.2d 310.) Paragraphs 17 and 19 were also properly stricken from the affidavit because they are plaintiff's conclusions as to the proper calculation of the amount owed him by the village. (See *Murphy v. Urso* (1981), 88 Ill. 2d 444, 462-63, 430 N.E.2d 1079.) We therefore find that these paragraphs were properly stricken from plaintiff's affidavit.

■ Plaintiff finally contends that the trial court erred in awarding interest on its judgment only from the date of the order instead of from the date of plaintiff's retirement. However, in a situation such as that in the instant case, where the village tendered the $13,056 and plaintiff refused it, an award of prejudgment interest on the tendered amount is not warranted. *East St. Louis & Interurban Water Co. v. City of Belleville* (1935), 360 Ill. 490, 496, 196 N.E. 442.

The decision of the circuit court is affirmed.

Affirmed.

HARTMAN, P.J., and DOWNING, J., concur.