(No. 31695.—

AMERICAN STEVEDORES COMPANY, INC., Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(STELLA BAG-DONAS *et al.*, Defendants in Error.)

*Opinion filed January 18, 1951—Rehearing denied March 19, 1951.*

R. H. Ross, and KLOHR & MERRICK, both of Chicago, for plaintiff in error.

LEO MILLER, of Chicago, (JULIUS EPSTEIN, of counsel,) for defendant in error Stella Bagdonas; THOMAS C. AN-GERSTEIN, GEORGE W. ANGERSTEIN, and ARMAND CHIAP-PORI, all of Chicago, for defendant in error Frigidaire Sales Corporation.

Mr. JUSTICE WILSON delivered the opinion of the court:

This case is a companion to *American Stevedores Co.* v. *Industrial Com. post,* 449. Stella Bagdonas filed with the Industrial Commission an application for adjustment of claim, alleging that her husband, Frank Bagdonas, suffered a fatal accidental injury on May 2, 1947, arising out of and in the course of his employment by the American Stevedores Company, Inc., and Frigidaire Sales Corporation. The former will be referred to as Stevedores and the latter as Frigidaire. An arbitrator awarded compensation to be paid by Stevedores and dismissed Frigidaire upon the ground that the relationship of employee and employer did not exist between Bagdonas and Frigidaire on May 2, 1947. The Industrial Commission sustained the arbitrator's award. The superior court of Cook County set aside and vacated the decision of the commission to the extent it found that the relationship of employee and employer did not exist between Bagdonas and Frigidaire, found, instead, that, on May 2, 1947, Bagdonas was the employee of both Stevedores and Frigidaire, and ordered each to pay the claimant one half of the compensation awarded. We have allowed the petitions of both Stevedores and Frigidaire for a further review.

In *American Stevedores Co.* v. *Industrial Com. post,* 449, filed this day, we adjudged that Bagdonas was a loaned servant or employee at the time of the accident and that the borrowing employer, namely, Frigidaire, was liable as his employer under the Workmen's Compensation Act. Reference is made to our opinion in the companion case *post,* 449, for a narration of the relevant facts. Repetition is not required. The only question remaining for decision is whether Frigidaire was the sole employer, as Stevedores contends, or, instead, one of dual employers at the time Bagdonas sustained the accidental injury resulting in his death as claimant, his widow, maintains.

For all practical purposes, so far as Frigidaire is concerned, Stevedores was merely an employment agency engaged in the business of supplying· labor. So far as the record discloses, Stevedores never contracted to do any unloading or warehouse work. Bagdonas never did any work for Stevedores for the reason that it had no work for him. He was not hired to do Stevedores' work but for the express purpose of being sent to Frigidaire's warehouse. In our opinion in the other case, we say, "Frigidaire procured men to do the work of moving the large and heavy material in the warehouse through the agency of Stevedores, and Stevedores for the purpose merely became the selecting agency to pick the men, and the conduit through which they received their wages." In short, Stevedores was a glorified employment agency. Frigidaire, as it had the right to do, for the time being exercised complete control and direction over the men supplied by Stevedores for the special service being performed, including the power to dispense with the services of unsatisfactory employees. The finding of the Industrial Commission that the relationship of employer and employee existed between Stevedores and Bagdonas, being manifestly against the weight of the evidence, cannot stand.

The claimant places reliance, however, upon the familiar rule that where the control of an employee is shared by two employers and both benefit from the work, the worker is considered to be an employee of both. In *Page Engineering Co.* v. *Industrial Com.* 322 Ill. 60, a night watchman was employed by two companies whose properties were adjoining. He was required to watch both properties every night and was paid the same sum per month by each company. The night watchman was jointly employed by both companies and, in consequence, any injury received by reason of his employment, whether on the property of one or the other of the employers, arose out of the joint em-

ployment and there was a joint liability under the Workmen's Compensation Act.

Similarly, in *Stresenreuter, Inc.* v. *Industrial Com.* 322 Ill. 187, a night watchman was employed and paid the same amount by two corporations to guard their properties and protect them from fire. An explosion resulting in the employee's death, it was held, arose out of and in the course of the joint employment, where the circumstances attending the accident indicated that the employee was, at the time, protecting a building in which the property of both employers was stored, and the two employers were jointly liable for compensation benefits.

In *Krawiec* v. *Industrial Com.* 372 Ill. 560, a merchants' protective association rendered financial assistance to the city of Chicago Heights in hiring patrolmen for necessary police protection. Upon this factual situation, one employed as patrolman by the city upon the recommendation of the association and partly paid by the city was deemed an employee of both the city and the association. The proof disclosed that the patrolman was hired to protect not only the premises of the association's members but all business premises and was authorized to perform the duties of a regular patrolman. In other words, the contract of employment was with both the city and the association, and both were liable for the employee's death.

In *Hudson* v. *Industrial Com.* 387 Ill. 228, an employee was sent by an individual employer to perform duties for both himself and a bus company of which he was manager and principal owner. While returning from the joint mission for the benefit of both employers, the employee received fatal injuries in an automobile accident. The injury occurred within the scope of the employment by both employers and they were jointly liable.

The facts in the present case do not even closely parallel those in the four cases relied upon by claimant. There is no legitimate basis in the uncontroverted evidence to sup-

port the finding that Bagdonas, at the time of his accident, was engaged in the performance of duties for two employers, pursuant to a joint employment. In short, Bagdonas was not rendering service for both Stevedores and Frigidaire when injured but was in the employment of Frigidaire, only.

The judgment of the superior court of Cook County, to the extent it confirmed the decision of the Industrial Commission sustaining the award of the arbitrator against Stevedores, is reversed and the award of the Industrial Commission set aside.

*Judgment reversed; award set aside.*