WILLIAM DILDINE, Plaintiff-Appellant, v. HUNT TRANSPORTATION, INC., Defendant-Appellee.

Third District   No. 3—89—0410

Opinion filed April 10, 1990.

Winstein, Kavensky, Wallace & Doughty, of Rock Island (Allan Hartsock, of counsel), for appellant.

Lane & Waterman, of Rock Island, and John D. DeDoncker, of Lane & Waterman, of Davenport, Iowa (David DeDoncker, of counsel), for appellee.

PRESIDING JUSTICE HEIPLE delivered the opinion of the court:

The plaintiff, William Dildine, was injured in a propane explosion while making repairs on a Happy Cab Company automobile (hereinafter Happy Cab). The accident occurred in the garage area of a building owned by the defendant, Hunt Transportation, Inc. (hereinafter Hunt), and occupied by Hunt and Happy Cab. Dildine's complaint alleged that Hunt should be liable for the injuries he received under a theory of common law negligence. The trial court granted Hunt's motion to dismiss by finding that Dildine was a joint employee of Hunt and Happy Cab and that the Workers' Compensation Act (Ill. Rev. Stat. 1987, ch. 48, par. 138.1 et seq.) prohibits an employee from bringing a tort suit against his employer. We affirm.

The relevant facts were set forth in uncontested affidavits submitted by each party. Hunt and Happy Cab are wholly owned subsidiaries of Butler Holding Company, Inc. (hereinafter Butler). Butler files consolidated tax returns on behalf of Hunt and Happy Cab. Hunt carries a workers' compensation policy that lists Happy Cab as an additional insured. Dildine has been paid under the Hunt policy and is continuing to receive benefits under the Hunt policy. Happy Cab was not required to pay rent for the use of the garage area in the building owned by Hunt. Dildine was paid for the work he performed by Happy Cab.

At the time of the accident, Louis Krueger, Midwestern regional marketing manager for Hunt, had authority over all operations at

the building owned by Hunt. Krueger had authority to direct and oversee the employees of Hunt and Happy Cab. Although Dildine spent most of his time repairing Happy Cab automobiles, Krueger had authority to direct Dildine to work for Hunt whenever necessary. Judi Stanton, a marketing manager for Hunt, stated by affidavit that she also had the power to direct the activities of Hunt and Happy Cab employees. Dildine performed the following work for Hunt: repaired truck trailers for Hunt, rearranged trailer loads, and occasionally drove loaded trucks for Hunt.

■ The sole issue on appeal is to determine whether the trial court properly determined as a matter of law that Dildine was a joint employee of Hunt and Happy Cab. We find that based on the undisputed facts, the trial court decision was correct.

■ ■ The law is settled that when only the legal effect of undisputed facts is in question a trial court may properly grant a motion to dismiss pursuant to section 2—619 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—619). (*Village of Oakwood Hills v. Diamond* (1984), 125 Ill. App. 3d 58.) In the instant case, the affidavits of the parties present no "material and genuine disputed question of fact." (Ill. Rev. Stat. 1987, ch. 110, par. 2—619(c).) Nevertheless, the plaintiff argues that the trial court could not determine as a matter of law whether Dildine was a joint employee since the court would have to necessarily balance a number of factors. Such consideration does not relieve the trial court of its responsibility and obligation to decide questions of law. In ruling on motions such as a motion to dismiss and a motion for summary judgment, the trial court will inevitably have to make determinations of law, based on the uncontroverted facts. (*Ralston v. Casanova* (1984), 129 Ill. App. 3d 1050.) In the case at bar, the trial court, in making its determination, necessarily considered the various factors that indicate whether an employment relationship exists as established by Illinois case law. While questions of fact and questions of law often blend together, the distinction remains a valid legal principle.

■ In determining whether an employment relationship exists, Illinois courts will examine the following factors: (1) who has the right to control an individual; (2) who controls the manner in which work is performed; (3) the method of payment; (4) who has the right to discharge; and (5) who furnishes the tools, materials, and equipment. (*Clark v. Industrial Comm'n* (1973), 54 Ill. 2d 311.) Of these factors, the right to control the work is perhaps the most important single factor. (*Clark*, 54 Ill. 2d at 314.) The undisputed facts show that Hunt's managers controlled Dildine's work and had the right to

discharge him. While Dildine performed work for the most part on Happy Cab automobiles, Dildine did perform numerous jobs for Hunt on a regular basis. Further, Hunt owned the garage where the explosion occurred and Hunt had an insurance policy that included Happy Cab employees. Based on these facts, we cannot find that the trial court erred in finding that, as a matter of law, Dildine was a joint employee of both Hunt and Happy Cab.

■ The plaintiff relies heavily on this court's ruling in *Nutt v. Pierce Waste Oil Services, Inc.* (1983), 112 Ill. App. 3d 612, wherein this court stated that no supreme court case has found a joint employer relationship to exist when the salary is provided on a unilateral basis. In the instant case, Happy Cab paid Dildine for the work he performed. While no supreme court case has reached such a result, the appellate court case of *Freeman v. Augustine's Inc.* (1977), 46 Ill. App. 3d 230, ruled in this manner. In *Freeman*, a corporation other than the corporation paying wages was found to be either a borrowing employer or joint employer on the grounds that control and benefit were shared. We find that a similar result is warranted in the case at bar. The question of who pays an employee's wages is only one factor to be considered along with other factors in determining whether an employment relationship exists. The totality of the relevant factors in the present action supports the trial court's determination that, as a matter of law, Hunt was a joint employer of Dildine.

For all the foregoing reasons, the judgment of circuit court of Rock Island County is affirmed.

Affirmed.

SCOTT and STOUDER, JJ., concur.