FRANK TRENHOLM, Plaintiff-Appellant, v. EDWIN COOPER, INC., Defendant-Appellee.

Fifth District   No. 5—85—0769

Opinion filed December 8, 1986.

Michael J. Meehan, of Callis & Hartman, P.C., of Granite City, for appellant.

Vincent J. Hatch and Edward J. Szewczyk, both of Donovan, Hatch & Constance, P.C., of Belleville, and Robert L. Nussbaumer, of Funsch & Nussbaumer, P.C., of St. Louis, Missouri, for appellee.

JUSTICE HARRISON delivered the opinion of the court:

Plaintiff, Frank Trenholm, appeals from an order granting summary judgment in favor of defendant, Edwin Cooper, Inc., in the circuit court of St. Clair County. Plaintiff filed a personal injury action alleging he was injured when he inhaled hydrogen sulfide while working at defendant's plant. The trial court granted defendant's motion for summary judgment, which argued that plaintiff was a "loaned employee" of defendant under section 1(a)(4) of the Workers' Compensation Act (Act) (Ill. Rev. Stat. 1979, ch. 48, par. 138.1(a)(4)), and that consequently plaintiff's exclusive remedy was for compensation under the Act. (Ill. Rev. Stat. 1979, ch. 48, par. 138.5.) We reverse and remand.

Plaintiff's complaint alleges he was injured on November 6, 1980, when he entered a storage shed at defendant's plant in Sauget, Illinois, and was overcome by toxic hydrogen sulfide fumes. He claims defendant was negligent in allowing the fumes to be present and in failing to warn him of the danger. Plaintiff contends that even though he was working at defendant's plant, he was actually an employee of Columbia Insulation, Inc. (Columbia). Defendant's motion for summary judgment argued that defendant had control over plaintiff, making him a "loaned employee" of defendant.

The test for determining whether plaintiff was a "loaned employee" under the Workers' Compensation Act is twofold: (1)

whether the borrowing employer had the right to direct and control the manner in which plaintiff performed the work; and (2) whether there existed a contract of hire, either express or implied, between plaintiff and defendant. (*A. J. Johnson Paving Co. v. Industrial Com.* (1980), 82 Ill. 2d 341, 348, 412 N.E.2d 477, 481.) These are questions of fact for the jury, which must weigh such factors as the matter of hiring, the mode of payment, the right to discharge, and the manner of direction. *Saldana v. Wirtz Cartage Co.* (1978), 74 Ill. 2d 379, 389-90, 385 N.E.2d 664, 669.

■ Because this case comes before us after the granting of summary judgment, we need not resolve the factual issue of whether plaintiff was a "loaned employee" of defendant. Instead, we need only determine whether there is a triable issue of fact presented on this record. (*Dowell v. William H. & Nelson Cunliff Co.* (1975), 26 Ill. App. 3d 388, 393, 324 N.E.2d 660, 663.) Summary judgment is appropriate only when there is no genuine issue as to any material fact and the moving party has shown it is entitled to a judgment as a matter of law. Ill. Rev. Stat. 1985, ch. 110, par. 2—1005.

The record includes various affidavits, depositions, and answers to interrogatories upon which we rely to determine whether there is a triable issue. Plaintiff stated in a deposition that he belongs to the pipe coverers' union in St. Louis. He stated he was employed by Columbia and not by defendant, although he had worked at defendant's plant since approximately 1971. While employed by Columbia, he has worked exclusively at defendant's plant. Plaintiff stated he has never been to Columbia's offices, but knew the owner and was frequently in contact with him. Plaintiff was responsible for ordering materials needed by Columbia employees working at defendant's plant and also kept the time slips for these workers. He gave the receipts for the materials as well as the time slips to Columbia's owner every Friday. However, one of defendant's employees would sign the time slips before they were submitted to Columbia. Plaintiff's paychecks came from Columbia, as did the paychecks for the workers under plaintiff's control. Plaintiff was the foreman for the Columbia workers at the plant. He stated that Columbia had to bid on various jobs to be performed at defendant's plant and that recently he had not been working full-time because other contractors had been awarded some of the jobs. He added that employees of defendant, including James Zoeller, would give him orders on what work needed to be done and would approve the work upon completion. However, plaintiff also stated that he, plaintiff, would tell his men how to perform each task. Plaintiff stated that if he needed more men at the jobsite, he or someone from

Columbia would call the union hall. Plaintiff also stated that he was responsible for firing workers under him.

Michael Reinagel worked with plaintiff at defendant's plant. Reinagel stated in an affidavit that he, Reinagel, was employed by Columbia as a pipe coverer and that he was not employed by defendant. He stated that he had worked at defendant's plant for four years, but he usually did not stay at the same jobsite that long. Reinagel stated that it was not the regular practice for Zoeller, defendant's employee, to give him any orders, but that his foreman, the plaintiff, took orders from Zoeller. Reinagel added that plaintiff was employed by Columbia.

James Zoeller, the instrumentation supervisor for defendant, stated in an affidavit that he had the right to hire and discharge employees of Columbia and would directly supervise these employees. Guido Serafini, who was the owner of Columbia in November of 1980, stated in an affidavit that Zoeller had the right to bypass Columbia and call the union hall directly if more workers were needed for the job being done by the Columbia workers. Serafini added that Zoeller also had authority to supervise and even discharge Columbia employees.

Defendant's answers to certain interrogatories also are relevant. When asked for the names and addresses of post-occurrence witnesses, defendant listed the names of three workers, including Reinagel, who was employed by Columbia, but stated that because these men were *not* employees of defendant, defendant did not have access to their addresses. When asked whether any contracts existed between defendant and Columbia, defendant responded: "Not to my knowledge. It is my understanding that Trenholm was in the plant on a time and material job. The 'contract' would have been a standard purchase order."

■ Based upon this conflicting evidence, we cannot say there is no genuine issue as to the material fact of whether plaintiff was a "loaned employee" of defendant. The issues of whether defendant had the right to direct and control the manner in which plaintiff performed the work and whether an express or implied contract of hire existed between plaintiff and defendant are in sharp dispute. While defendant points to evidence that defendant had the right to hire, fire, and supervise Columbia employees, there is significant evidence to the contrary. Plaintiff stated he had authority to call in more workers, as well as supervise and fire the Columbia employees. Plaintiff stated that recently he had been working fewer days because his employer, Columbia, had failed to be the successful bidder on various projects at defendant's plant. Furthermore, defendant's answers to in-

terrogatories indicate some belief on the part of defendant that Columbia workers were not employees of defendant. There is no indication of an express employment contract between plaintiff and defendant, and, while defendant argues an implied contract exists, the record indicates plaintiff believed he was working exclusively for Columbia. Therefore, the issue of whether plaintiff was defendant's "loaned employee" should be resolved at trial by the finder of fact.

For the foregoing reasons, the judgment of the circuit court of St. Clair County is reversed and the cause remanded for further proceedings consistent with this opinion.

Reversed and remanded.

KARNS, P.J., and KASSERMAN, J., concur.